UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BALES ENVIRONMENTAL SERVICES, LLC, ET AL<br><br>*plaintiffs,*<br><br>versus<br><br>CHARTER COMMUNICATIONS, LLC, ET AL<br><br>*defendants*. | Civil Action 24-2126<br><br>Section I, Division 2<br><br>District Judge Lance Africk<br><br>Magistrate Judge Donna Phillips Currault |

**MOTION FOR RELIEF FROM JUDGMENT [R. DOC. 7]**

Plaintiffs, Bales Environmental Services, LLC, Michael Vance Bales, and Ronda Bales ("Bales") move the Court under Rule 60(b)(1) for relief from the December 19, 2024 *Judgment* [R. Doc. 7], dismissing without prejudice, the Plaintiffs' claims against Charter Communications, LLC, suggesting in their contemporaneously filed memorandum that the circumstances surrounding their lack of prosecution of this matter following Charter's several requests for extension of time to answer followed by Notice of Removal and its subsequent failure to answer within the time periods set forth in FRCP Rule 81, were permitted by undersigned's best intentions and excusable neglect, such that the Bales plaintiffs should be relieved from the dismissal.

Of specific importance, the plaintiffs discovered, acknowledged and gave notice to counsel for defendant, Charter, that this Court lacked/lacks diversity jurisdiction over the Plaintiffs' action, a discovery made after the Plaintiffs' original state petition and the Notice of Removal was filed. Further, undersigned was in communication with Charter's counsel in the days leading up to the hearing date set by this Court by CM/ECF service on December 3, 2019 [R. Doc. 5] for hearing date of December 19, 2024, that undersigned simply did not see and was totally unaware.

Following removal to this Court, undersigned for plaintiffs sought to settle this matter for an amount well below the monetary jurisdictional threshold of this Court for diversity purposes, as a beginning demand, submitted to Charter. Moreover, undersigned was attending continuing legal education in New Orleans, mere blocks from the Courthouse, completely unaware of the scheduled hearing until receiving the Court's judgment that morning, after plaintiffs' absence.

Undersigned sincerely apologizes to the Court for this scheduling oversight, as he would never intentionally fail to appear before the Court.

Had he seen the Court's December 3, 2024 Order for an in-person appearance [R. Doc. 5], undersigned on behalf of plaintiffs would have at the very least proposed to file a Motion to Remand within a reasonable amount of time, with the understanding and acknowledgment shared with defendant's counsel, that the amounts claimed originally, when insurance coverage was unknown, were subsequently covered and satisfied by Bales plaintiffs' auto carrier, in part.

Bales plaintiffs have filed, along with this motion, a supporting memorandum and has noticed the motion for submission as required by Local Rule 7.2.

WHEREFORE, Bales Environmental Services, LLC, Michael Vance Bales, and Ronda Bales respectfully request that their motion be considered, and granted, and that the Court relieve them from the effects of the December 19, 2024 Judgment [R. Doc. 7], in all ways approved by the Court in its broad discretion.

RESPECTFULLY SUBMITTED,

*/s/ John D. Miranda*
JOHN D. MIRANDA, ATTORNEY AT LAW, LLC
671 Plantation Boulevard
Mandeville, LA 70448
T: 225-938-7476 (c); 985-515-2134 (o)
F: 985-515-2137
E: johndmirandalaw@gmail.com

CERTIFICATE OF SERVICE

I certify that on the date of this filing, January 16, 2025, this motion and all accompanying memoranda and attachments have been served on all parties of record through the CM/ECF filing system.

*/s/ John D. Miranda*
JOHN D. MIRANDA