UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BALES ENVIRONMENTAL SERVICES LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-2126** |
| **CHARTER COMMUNICATIONS, LLC, ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff Bales Environmental Services, LLC, Michael V. Bales, and Rhonda Bales (collectively, "plaintiffs") pursuant to Federal Rule of Civil Procedure 60(b)(1) for relief from judgment because of excusable neglect. Defendant Charter Communications, LLC ("defendant"), filed an opposition.[2] For the reasons set forth below, the Court grants the motion and reopens the case.

### I. BACKGROUND

This lawsuit concerns a motor-vehicle accident in Tangipahoa Parish, Louisiana.[3] Plaintiff initially filed this lawsuit in the 21st Judicial District Court for the Parish of Tangipahoa.[4] Prior to being served, defendant removed the case to this Court on the basis of its diversity jurisdiction.[5] Several months later, this Court ordered a docket call because proof of service had still not been filed into the record and defendant had not filed a responsive pleading.[6] The order stated that defendant

---

[1] R. Doc. No. 8.
[2] R. Doc. No. 13.
[3] R. Doc. No. 1-1.
[4] *Id.*
[5] R. Doc. No. 1.
[6] R. Doc. No. 5.

would be dismissed upon plaintiffs' failure to appear.[7] The docket call was scheduled for 16 days after the issuance of the docket-call order.[8] Plaintiffs did not appear at the docket call,[9] and the Court forthwith issued a judgment dismissing plaintiffs' petition without prejudice.[10]

Plaintiffs filed the instant motion 29 days later. Plaintiffs assert that their failure to appear at the docket call amounted to "excusable neglect," for which reason this Court should relieve them from the judgment by rescinding its dismissal of plaintiffs' petition.[11] Plaintiffs explain that their counsel failed to appear because of an "oversight."[12] Specifically, plaintiffs' counsel claims that he "simply did not see" the notice of the hearing generated by CM/ECF and thus failed to calendar the hearing.[13]

In support of plaintiffs' motion, plaintiffs' counsel maintains that he was actively prosecuting plaintiffs' case after removal. Namely, plaintiffs' counsel contacted defense counsel with a demand for $40,000 and was working with defense counsel to settle this lawsuit.[14] In fact, plaintiffs aver that plaintiffs' counsel sent

---

[7] *Id.*

[8] *Id.*

[9] R. Doc. No. 6.

[10] R. Doc. No. 7.

[11] R. Doc. No. 8, at 1.

[12] *Id.* at 2.

[13] *Id.* at 1.

[14] R. Doc. No. 8-1, at 2. In their motion, plaintiffs assert that because their demand was well less than the amount-in-controversy requirement to establish diversity jurisdiction, *see* 28 U.S.C. § 1332(a), this Court now lacks subject-matter jurisdiction, *see, e.g.*, R. Doc. No. 8, at 1. Defendant does not address this contention in its response. On March 13, 2025, this Court held a telephone conference with counsel for both parties to discuss plaintiffs' motion and the jurisdictional question. After the

defense counsel an email the week of the docket call concerning plaintiffs' insurance and the repair estimate.[15] Plaintiffs also note that they had twice agreed to give defendant an extension of time to file a responsive pleading.[16] Defendant filed an opposition to plaintiffs' motion which contends that plaintiffs are not entitled to relief on account of excusable neglect because they never properly effected service on defendant.[17]

## II. ANALYSIS

Federal Rule of Civil Procedure 60(b)(1) invests courts with the discretion, upon motion and just terms, to relieve a party from a final judgment for "excusable neglect." "Whether a party is entitled to relief for excusable neglect is a determination that is at bottom an equitable one, taking account of all relevant circumstances." *Coleman Hammons Constr. Co. v. Occupational Safety & Health Rev. Comm'n*, 942 F.3d 279, 282–83 (5th Cir. 2019) (internal quotation and citation omitted). To determine whether a party's neglect was excusable, courts principally look to the so-called *Pioneer* factors: (1) the danger of prejudice to the opposing party, (2) the length

---

conference, defense counsel spoke with the chambers of the undersigned and indicated that defendant does not believe that this Court lacks jurisdiction because plaintiff's state court petition adequately pled damages that meet or exceed the amount-in-controversy requirement. *Accord St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290–92 (1938) (stating that post-removal developments that reduce the amount in controversy do not deprive the district court of diversity jurisdiction). Given the state of the record with respect to this issue and there being no motion pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court does not find any basis at this juncture to conclude that it lacks subject-matter jurisdiction over this controversy.

[15] *Id.* at 4.
[16] *Id.* at 3.
[17] R. Doc. No. 13, at 3–5.

of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was beyond the reasonable control of the movant, and (4) whether the delay was made in good faith.[18] *See id.* (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). However, "gross carelessness" is never excusable. *See Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) ("[G]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." (internal quotation and citation omitted)). "A party has a duty of diligence to inquire about the status of a case." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

Having considered the *Pioneer* factors, the Court concludes that plaintiffs' failure to appear at the docket call is attributable to excusable neglect. With respect to the first factor, the Court does not find that there is a danger of prejudice to defendant. Dismissal was entered even before this Court issued a scheduling order. Any delay does not affect a cascade of deadlines.

With respect to the second factor, the Court finds that there was only a modest delay. Plaintiffs' counsel recognized his error immediately and filed his motion within 30 days of the docket call.[19] Since the delay was modest and the Court had not yet issued a scheduling order, the impact of the delay is minimal as no deadlines have been affected.

---

[18] For the other equitable factors considered by courts when deciding Rule 60(b) motions, see *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
[19] In its opposition, defendant seemingly measures the delay by the time plaintiffs had to effect service of process rather than the time it took to realize they had missed the docket call and file the instant motion. *See* R. Doc. No. 13, at 3–4.

Moving to the third factor, the Court considers the reason for the delay and whether it was under plaintiffs' control. The Fifth Circuit has found that an isolated calendaring error does not constitute "gross carelessness." *See Razvi v. Dallas Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, at *4 (5th Cir. Sept. 16, 2022) (unpublished) (holding that a "missed . . . deadline because of a calendaring error" was not gross carelessness). Further, such "a single instance of unforeseen human error" is excusable neglect beyond a party's reasonable control. *See Coleman Hammons Constr.*, 942 F.3d at 284. Accordingly, the Court finds that the oversight of plaintiffs' counsel does not constitute gross carelessness.

Lastly, the Court finds no reason to conclude that plaintiffs have operated in bad faith, and defendant does not suggest otherwise. Significantly, the Court notes, plaintiffs were actively pursuing resolution of their claims when counsel failed to appear at the docket call. In sum, the Court concludes that the neglect of plaintiffs' counsel was excusable in light of the *Pioneer* factors.

Since plaintiffs' failure to appear at the call docket is attributable to excusable neglect, the Court has the discretion to relieve plaintiffs from the dismissal of their claims pursuant to Rule 60(b)(1). Upon consideration of the applicable equitable factors, the Court concludes that relief should be granted. "[T]he interest in deciding cases on the merits outweighs, in th[is] particular case, the interest in the finality of [the] judgment[]." *See Edward H. Bohlin Co.*, 6 F.3d at 356.

However, by reopening the case, the Court does not excuse the failure of plaintiffs to effect service upon defendant. In their motion, plaintiffs contend that

defendant waived service of process when it removed this case.[20] However, "[a] defendant's removal to federal court does not waive its right to object to service of process." *City of Clarksdale v. BellSouth Telecommc'ns, Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005). Accordingly, plaintiffs are still required to file proof of executed service into the record.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiffs' motion for relief from judgment is **GRANTED**. The above-captioned matter is hereby **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiffs shall file into the record proof of executed service upon defendant **no later than April 1, 2025**. Failure to comply with this order will result in the prompt dismissal of this case.

New Orleans, Louisiana, March 17, 2025.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[20] R. Doc. No. 8-1, at 3.